# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD J. ALLISON,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>CLARK COUNTY DETENTION CENTER AND MEDICAL STAFF,<br><br>　　　　　　　　　　Defendants. | Case No. 2:22-cv-00772-ART-VCF<br><br>ORDER DISMISSING AND CLOSING CASE |

Plaintiff Ronald Allison brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while detained or incarcerated at Clark County Detention Center. On June 7, 2022, this Court instructed Allison to file a complaint that complies with Local Special Rule 2-1 and either pay the $402 filing fee for a civil action or properly apply to proceed *in forma pauperis* ("IFP") by August 8, 2022. (ECF No. 3). The Court warned Allison that this case would be dismissed and closed if he failed to comply. (*Id.* at 3). Allison neither filed an amended complaint by that deadline nor moved for an extension of time to do so. And he has not paid the filing fee or applied to proceed IFP.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this

ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

      The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Allison's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

      The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed until and unless

Allison files a complaint, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders finite resources along the way. The circumstances here do not indicate that this case will be an exception: there is no hint that Allison needs additional time nor evidence that he did not receive the court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that this action is dismissed for failure to follow a court order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case.

DATED THIS 14th day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE